```
                  UNITED STATES DISTRICT COURT

                  EASTERN DISTRICT OF LOUISIANA

NOLA FINE ART, INC. AND MICHAEL HUNT         CIVIL ACTION

VERSUS                                       NO: 13-4904

DUCKS UNLIMITED, INC.                        SECTION: R(4)
```

## ORDER AND REASONS

Before the Court is defendant Ducks Unlimited, Inc.'s motion to strike plaintiffs' expert, Harold A. Asher. Defendant argues that the Court should strike Mr. Asher's report because he relied on documents that plaintiffs had not previously disclosed to defendant, in violation of Federal Rules of Civil Procedure 26(e) and 37(c)(1). The Court denies the motion because it finds that plaintiffs have complied with Rule 26(e).

## I.   Background

Plaintiffs filed this suit alleging various contract and quasi-contract claims against defendant. Plaintiffs contend that defendant refused to fulfill its obligations under an alleged agreement regarding the creation and sale of plaintiffs' artwork.[1]

On June 19, 2014, the Court entered a scheduling order which established deadlines for the production of expert reports-- November 14th for plaintiffs' reports and December 15th for

---

[1] R. Doc. 1 at 2.

defendant's reports.[2] The Court later granted the parties' joint motion to extend the deadline for expert reports by one week.[3] On November 21, 2014, plaintiffs produced the expert report of Harold A. Asher, in which Mr. Asher calculates plaintiffs' damages as a consequence of defendant's alleged breach. The report begins by listing the various documents Mr. Asher relied on in reaching his conclusion.[4]

Three days later, on November 24, 2014, defense counsel sent plaintiffs' counsel an email requesting that plaintiffs supplement their Rule 26(e) disclosures to include the documents Mr. Asher referenced.[5] A few hours later, plaintiffs' counsel responded agreeing to supplement any materials that were not previously produced.[6] Plaintiffs made good on their promise to supplement the following day.[7]

Defendant then filed this motion seeking to strike Mr. Asher's report under Federal Rule of Civil Procedure 37(c)(1) for failure

---

[2] R. Doc. 25.

[3] R. Doc. 32.

[4] R. Doc. 31-4 at 1-2.

[5] R. Doc. 33-1.

[6] R. Doc. 31-5.

[7] R. Doc. 33-1.

to timely supplement plaintiffs' initial disclosures.[8]

## II. Legal Standard

Federal Rule of Civil Procedure 26(a) describes a party's initial disclosure requirements and states that a party must provide to the other parties, without awaiting a discovery request, a copy "of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  The initial disclosure must be supplemented later in the proceedings if the party learns that the disclosure made "is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  The duty to supplement extends to materials disclosed in connection with expert reports.  Fed. R. Civ. P. 26(e)(2).

Rule 37 states that if a party does not provide information or disclose a witness as required by Rule 26(a) and (e), the party may not use that information or witness to supply evidence at trial, "unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).  The Fifth Circuit has identified four factors that a court should consider in determining whether a violation of

---

[8] Defendant filed the instant motion approximately one-hour before plaintiffs sent the requested information.  *Compare* R. Doc. 31 *with* R. Doc. 33-1.

Rule 26 is harmless or substantially justified: 1) the importance of the evidence; 2) the prejudice to the opposing party if the evidence is included; 3) the possibility of curing such prejudice by granting a continuance; and 4) the party's explanation for its failure to disclose. *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

**III. Discussion**

Defendant complains that plaintiffs failed to supplement their initial disclosures before they provided defendant with Mr. Asher's report.[9] Plaintiffs respond that many of the documents referenced in Mr. Asher's report were produced to defendant in plaintiffs' September 28, 2013 and February 14, 2014 disclosures, and that any new documents either recently came into plaintiffs' possession or were the defendant's own financial records.[10] Defendant does not contest plaintiffs' characterization.

The Court finds defendant's motion to be without merit. As an initial matter, to the extent that plaintiffs' November 25, 2014 production included defendant's own financial records, plaintiffs were under no obligation to supplement their initial disclosures with documents already in defendant's possession. Fed. R. Civ. P.

---

[9] R. Doc. 31-1 at 2 ("Apparently the plaintiff provided Harold Asher a variety of documents that it has not previously produced to Ducks Unlimited.").

[10] R. Doc. 33 at 5.

26(e) advisory committee's note ("There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties . . . during the discovery process."). *See also Great Am. Assur. Co. v. Sanchuk, LLC*, Civ. A. No. 8:10-cv-2568, 2012 WL 3860429, at *1 (M.D. Fla. Sept. 5, 2012) (finding no Rule 26(e) violation where complaining party was already aware of witness' identity). With regard to the documents not already in defendant's possession, Rule 26 requires parties to supplement initial disclosures in a "timely manner." Fed. R. Civ. P. 26(e). Plaintiffs represent that they only recently acquired these documents, and the Court finds no reason to discount plaintiffs' representation. Additionally, plaintiffs provided defendant with the supplemental disclosure within 24-hours of defendant's request. The Court finds plaintiffs' supplementation "timely."

Moreover, even if the plaintiffs failed to timely supplement their initial disclosures, the Court finds that any violation of Rule 26 was harmless. To determine whether a Rule 26 violation is harmless or substantially justified, the Court considers the importance of the evidence, the prejudice to the opposing party if the evidence is included, the possibility of curing any prejudice by granting a continuance, and the party's explanation for its failure to timely disclose. *Magna Transp.*, 338 F.3d at 402. Here, defendant does not identify with any degree of specificity which

documents it contends plaintiffs failed to timely disclose. Thus, the Court is unable to assess the importance of such evidence. The Court notes, however, that plaintiffs provided defendant with the requested documents on November 25, 2014, approximately one month before defendant's expert reports were due.[11] It is thus not clear that plaintiffs' failure to timely produce these documents denied defendant the opportunity to acquire a countervailing expert opinion. Moreover, in this one-month period, defendant never moved to continue its expert deadline and instead filed this motion to strike. Finally, plaintiffs represent, and defendant does not contest, that any documents plaintiffs produced for the first time on November 25, 2014 are either documents that had only recently come into plaintiffs' possession or are the defendant's own financial records. Thus, even if plaintiffs failed to timely supplement their initial disclosures under Rule 26(e), the Court finds the violation harmless and substantially justified.

For the foregoing reasons, defendant's motion to strike Harold A. Asher's expert report is DENIED.

New Orleans, Louisiana, this 3rd day of February, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[11] The Court granted the parties' joint motion to extend expert deadlines for one week. R. Doc. 32. Defendant's expert reports were thus due on December 22, 2014.